[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12657
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cr-14054-JEM-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAIL EMILIANO MARTINEZ,
a.k.a. Saul Castro Martinez,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 11, 2013)

Before CARNES, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Sail Martinez appeals his total sentence of 84 months' imprisonment,

imposed after he pled guilty to conspiracy to commit robbery, in violation of 18

U.S.C. § 1951(a) (Count 1), and carrying and possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3).  For the reasons set forth below, we affirm Martinez's sentences.

I.

Martinez's presentence investigation report ("PSI") provided that Martinez and his co-conspirator, Geovani Sales, solicited a confidential informant to rob a money courier, and Sales and Martinez told the informant that they would obtain a firearm for the informant's use in the robbery.  The confidential informant introduced Sales, Martinez, and their co-conspirator, Jose Rosales, to an undercover officer, and Sales and Martinez solicited the officer to commit the robbery.  Martinez told the officer to smash the driver's side window of the courier's vehicle in order to put the gun to the courier's head.  Martinez further told the officer that the courier would not resist.  In a post-arrest statement, Martinez admitted to participating in the planning of the robbery.

The PSI stated that, as to Count 1, Martinez had a base offense level of 20, pursuant to U.S.S.G. § 2B3.1(a), as his offense involved robbery.  A mitigating-role adjustment was not recommended, pursuant to U.S.S.G. § 3B1.2.  As to Count 3, a five-year consecutive term of imprisonment had to follow the term of imprisonment imposed as to Count 1.

At sentencing, Martinez objected that he should receive a two-level minor-role reduction, pursuant to § 3B1.2(b). Although Martinez was uncertain and could not prove it, the "victims" in the case may have been part of the underlying conspiracy, which was relevant to whether Martinez deserved a minor-role reduction. Martinez noted that a statement in the PSI provided that the couriers would not resist when a gun was pointed at them. Rosales had stated in his proffer that Sales's brother may have warned the victims of Sales's intention to rob the victims. The court rejected as speculation Martinez's assertion concerning the victims being involved in the conspiracy and determined that the minor-role adjustment did not apply. The court imposed a total sentence of 84 months' imprisonment.

## II.

On appeal, Martinez argues that the district court clearly erred in not reducing his base offense level by two levels for his minor role in the offense, pursuant to § 3B1.2(b), because the PSI indicated that the robbery was Sales's idea, Sales placed the firearm in the vehicle, Martinez did not plan the robbery, and Martinez was only to receive $5,000 for his role in the conspiracy. Further, the victims of the offense may have been part of the underlying conspiracy.

We review a district court's denial of a role reduction for clear error. *United States v. Bernal-Benitez*, 594 F.3d 1303, 1320 (11th Cir. 2010). The defendant

bears the burden of establishing his minor role in the offense by a preponderance of the evidence. *Id.* Furthermore, in making the ultimate determination of the defendant's role in the offense, the court does not have to make any specific subsidiary factual findings. *United States v. De Varon*, 175 F.3d 930, 939 (11th Cir. 1999) (*en banc*). Thus, so long as the court's decision is supported by the record and the court resolves any disputed factual issues, a simple statement of the court's conclusion is sufficient. *Id.*

The Sentencing Guidelines provide for a two-level decrease to a base offense level if a defendant was a minor participant in the criminal activity. U.S.S.G § 3B1.2(b). A minor participant is one "who is less culpable than most other participants, but whose role could not be described as minimal." *Id.*, comment. (n.5). In determining whether § 3B1.2(b) applies, the district court must compare the defendant's role in the offense with the relevant conduct for which he has been held accountable with respect to calculating his base offense level. *Bernal-Benitez*, 594 F.3d at 1320. The court may also compare the defendant's conduct with that of the other participants in the offense. *Id.* The fact that a defendant's role may be less than that of other participants engaged in the relevant conduct is not necessarily dispositive, as it is possible that none are minor participants. *De Varon*, 175 F.3d at 944.

4

In this case, the undisputed statements in the PSI provide that Martinez was involved in the planning of the robbery and in obtaining the firearm to be used in the robbery. *See United States v. Bennett*, 472 F.3d 825, 833-34 (11th Cir. 2006) (providing that unobjected-to facts in the PSI are deemed admitted). Martinez was only held accountable for the robbery with respect to his base offense level calculation, and thus, the relevant conduct attributed to him in calculating his guideline range was identical to his actual conduct. *See Bernal-Benitez*, 594 F.3d at 1320. Even if Martinez was less culpable than Sales, that alone does not demonstrate that Martinez was a minor participant. *See De Varon*, 175 F.3d at 944.

Finally, the district court did not clearly err in rejecting Martinez's argument that the money courier may have been involved in the underlying conspiracy. Neither Rosales's proffer that Sales's brother may have warned the victims of Sales's intent to rob them, nor Martinez's statement to the undercover officer that the victims would not resist, showed that the victims were part of the conspiracy. Thus, Martinez's theory that the victims were involved in the robbery was mere speculation. Even if the victims were involved in the conspiracy, Martinez would not be entitled to a minor-role reduction due to his involvement in planning the robbery and obtaining a firearm. Based on the above, the district court did not clearly err in denying Martinez's request for a minor-role reduction.

For the foregoing reasons, we affirm Martinez's sentences.

**AFFIRMED.**